IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DeVAN DANIEL,<br><br>    Plaintiff(s),<br><br>vs.<br><br>OFFICER McKEON, et al.,<br><br>    Defendant(s). | No. C 12-3008 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docket # 2) |

      Plaintiff has filed a pro se complaint under 42 U.S.C. § 1983 alleging that City of Antioch Police Officers McKeon and Moorefield violated his constitutional rights when they failed to take a police report after he reported being robbed from his van outside a Bonfare Market. Plaintiff alleges that defendants only made out a traffic collision report.

      Plaintiff seeks damages and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915, which, based solely on his affidavit of poverty, is granted.

**DISCUSSION**

A.    <u>Standard of Review</u>

      Plaintiffs proceeding IFP are subject to the screening requirements of 28 U.S.C. § 1915. Under 28 U.S.C. § 1915 (e)(2), notwithstanding any filing fee or any portion thereof that may have been paid, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . or fails to state a claim." Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The Due Process Clause does not require the state to protect the life, liberty and property of its citizens against invasion by private actors. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 195 (1989). Consequently, the benefit that a party may receive from having someone arrested for a crime generally does not trigger protections under the Due Process Clause. Castle Rock v. Gonzales, 545 U.S. 748, 768 ( 2005). There are two exceptions – the "state-created danger" doctrine and the "special relationship" doctrine – but neither is implicated in this case.

Unfortunately for plaintiff, his allegations that police officers failed to take a police report of a robbery against him, although troubling, fail to state a cognizable § 1983 claim for violation of his federal rights. Cf. at 768-69. But this is not to say that plaintiff is without remedy in the state courts, where he may well be able to pursue a claim for violation of state law.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915(e)(2).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: June 18, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Daniel, M.12-3008.dismissal.wpd